**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHELITA WINCHESTER GUILLION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1331** |
| **HERBERT CADE, JUDGE, CIVIL DISTRICT** | **SECTION "S" (3)** |
| **COURT, PARISH OF ORLEANS** | |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Shelita Winchester Guillion, filed the above-captioned matter in this Court

against defendant Judge Herbert Cade. The Court's initial review of plaintiff's Complaint revealed

that plaintiff seeks to sue Judge Herbert Cade of the Civil District Court for the Parish of Orleans

in his judicial capacity. Guillion's claims against Judge Cade are predicated on numerous judicial

decisions taken in plaintiff's underlying divorce proceeding, over which Judge Cade presided.

The Court ordered Guillion to show cause, on or before Friday, June 11, 2010, why her

claims against this potential defendant should not be summarily dismissed for failure to state an

actionable claim. Guillion complied with this Court's Order on June 1, 2010.

Guillion argues that Judge Cade deprived her of her due process rights under the United

States and Louisiana Constitutions by not allowing her to call witnesses in her defense and by not

allowing her to present "pertinent crucial documentation" on her behalf. Guillion argues that Judge

Cade did not afford her a fair and impartial hearing. Guillion asks this Court to withdraw her claim

1

for monetary damages, which would basically convert her suit into a declaratory-judgment action.

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should

the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from
>   such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if

the Court is satisfied that the case fails to state a claim upon which relief may be granted.[1]

It is well settled that judges are protected by absolute immunity for actions taken in their

judicial capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97

F.3d 107, 109-113 (5th Cir. 1996)). Essential policy considerations support this grant of absolute

judicial immunity. A judge's role in the judicial system requires that he enjoy "freedom to determine

the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111.

"The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter,

lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469

F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's

jurisdiction in suits brought under 42 U.S.C. § 1983. *Mays*, 97 F.3d at 111. Moreover, a judge

does not lose immunity even if he was in error, took action maliciously, or acted in excess of his

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous"
where it lacks an arguable basis either in law or in fact).

authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.*

While absolute judicial immunity does not necessarily bar declaratory relief, the Court finds that the *Rooker-Feldman* doctrine bars any such claims here. Under the *Rooker-Feldman* doctrine, a federal district court may not consider collateral attacks on state court judgments, even if it is alleged that the state court's actions were unconstitutional. *Hulteberg v. Louisiana*, 163 F.3d 1356, 1998 WL 857887, at *4 (5th Cir. Nov. 18, 1998) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) & *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). "Nor may a party circumvent this rule by bringing a § 1983 claim which alleges that the state court decision caused a deprivation of rights protected by the Constitution." *Hulteberg*, 1998 WL 857887, at *4.

Any constitutional questions that are "inextricably intertwined" with the issues in the state court proceeding must be resolved by the state courts. *Feldman*, 460 U.S. at 483-84 n. 16; *see Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994). A litigant aggrieved by an adverse decision of the state courts on a constitutional question has a remedy in the Supreme Court of the United States through a petition for writ of certiorari. *See Liedtke*, 18 F.3d at 317; *Howell v. Supreme Court*, 885 F.2d 308, 311 (5th Cir. 1989). Even if the constitutional issues are not raised in the state

court proceeding, the federal courts still lack jurisdiction to address such questions if they are inextricably intertwined with the state court decision. *See Feldman*, 460 U.S. at 484 n. 16; *Howell*, 885 F.2d at 312.

As noted above, plaintiff alleges that Judge Cade violated her due process rights through numerous rulings during her divorce proceeding, which Judge Cade allegedly decided adversely to her. This Court has no authority under the *Rooker-Feldman* doctrine to review these state-court rulings. *See also Johnson v. Bigelow*, 239 Fed. Appx. 865, 865-66 (5th Cir. 2007) ("The dismissal of his claims for [declaratory and injunctive] relief was nevertheless appropriate as the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties.").[2] The *Rooker-Feldman* doctrine bars this Court from declaring the propriety or impropriety of Judge Cade's rulings and judgments. Accordingly,

**IT IS RECOMMENDED** that plaintiff Shelita Winchester Guillion's claims against Judge Herbert Cade be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

---

[2]     The Court notes that the proper avenue of relief for plaintiff would have been through the state appellate courts.

4

1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, his 3rd day of June, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**